**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

July 21, 2022

**LETTER OPINION**

Re:   *Randolph Board of Education v. M.T. and I.T. o/b/o M.T.*
      **Civil Action No. 22-1762 (ES) (CLW)**

Dear Parties:

Plaintiff Randolph Board of Education filed this civil action against Defendants M.T. and I.T. on behalf of M.T., challenging an Administrative Law Judge's ("ALJ") decision in Defendants' favor. (D.E. No. 1 ("Compl.")). Before the Court is Plaintiff's motion to stay the ALJ's judgment pending the outcome of this action (D.E. No. 5); and Defendants' motion to enforce the judgment and hold Plaintiff in contempt (D.E. No. 4-3). Having considered the parties' submissions, the Court decides this matter without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court **DENIES** both motions.

**I.    INDIVIDUALS WITH DISABILITIES EDUCATION ACT**

Before outlining the facts of this case, the Court offers the legal framework governing this action—namely, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Congress enacted the IDEA to ensure that children with disabilities receive a free appropriate public education ("FAPE"). *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 179–83 (1982) (recounting the history and purpose of the IDEA); *see* 20 U.S.C. § 1412(a)(1). Under the IDEA, public educational institutions must evaluate, "identify[,] and effectively educate" disabled students by providing them with a FAPE or, alternatively, "pay for their education elsewhere if they require specialized services that the public institution cannot provide." *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 735, 738 (3d Cir. 2009); *see D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244 (3d Cir. 2012). A FAPE "consists of educational instruction specially designed to meet the unique needs of the . . . child, supported by such services as are necessary to permit the child 'to benefit' from the instruction." *Rowley*, 458 U.S. at 188–89; *see Sch. Dist. of Phila. v. Kirsch*, 722 F. App'x 215, 222 n.5 (3d Cir. 2018).

A public education institution provides a FAPE by way of an individualized education program ("IEP"), which is the cornerstone of the IDEA. 20 U.S.C. § 1414(d). A child's IEP is a written document that must include several elements such as the child's present level of performance and measurable yearly goals in light of the child's disability. *S.H. v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 264 (3d Cir. 2003) (citing 20 U.S.C. § 1414(d)(1)(A)). The IEP must also state "the special services that the school will provide" the child. *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 269 (3d Cir. 2012) (quoting *Schaffer v. Weast*, 546 U.S. 49, 53 (2005)).

The IEP "must be 'reasonably calculated' to enable the child to receive 'meaningful educational benefits' in light of the student's 'intellectual potential.'" *Shore Reg'l High Sch. Bd. of Educ. v. P.S. ex rel. P.S.*, 381 F.3d 194, 198 (3d Cir. 2004) (quoting *Polk v. Cent Susquehanna Interm. Unit 16*, 853 F.2d 171, 181 (3d Cir. 1988)). Once a child's educational program is determined, the school district must attempt to place the child in the "least restrictive environment." 20 U.S.C. § 1412(a)(5).

Under the IDEA, dissatisfied parents may challenge a school district's determinations in an administrative proceeding. *See* 20 U.S.C. § 1415(b)(6)–(7). In New Jersey, parents may file a complaint with the New Jersey Office of Administrative Law ("OAL"), N.J. Admin Code § 6A:14-2.7, and seek an impartial due process hearing regarding "the identification, evaluation, or educational placement of the[ir] child, or the provision of a [FAPE] to such child. . . ." § 1415(b)(6)(A); *see also* § 1415(f)(1)(A). Furthermore, the administrative process delineated under the IDEA "is conducted in compliance with state procedures." *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014) (citing § 1415(f)(1)(A)). A party who is dissatisfied with the outcome of an administrative decision rendered under 20 U.S.C. § 1415(f) may file an appeal in "any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." § 1415(i)(2)(A). Accordingly, the Court has jurisdiction over the present dispute.

Relevant here, "[p]arents may unilaterally place their child at a different school, but are eligible for reimbursement from the school district if, and only if, the school district has not offered the student a FAPE." *J.F. v. Byram Twp. Bd. of Educ.*, 812 F. App'x 79, 81 (3d Cir. 2020) (citing *Shore Reg'l*, 381 F.3d at 198); N.J. Admin. Code § 6A:14–2.10(d). Thus, when parents seek reimbursement for a unilateral placement, the first inquiry is whether the school district offered a FAPE. *Shore Reg'l*, 381 F.3d at 198–99. The school district must show that "it complied with the procedures set out in the IDEA and that the IEP was 'reasonably calculated' to enable the child to receive 'meaningful educational benefits' in light of the child's 'intellectual potential.'" *Id.* at 199 (citing *Rowley*, 458 U.S. at 206–07). If the school district offered a FAPE, then "no reimbursement is required." *Id.* at 198 (citing N.J. Admin. Code § 6A14–2.10(a)).

If the school district did not provide a FAPE, the second inquiry is whether the parents acted appropriately in removing the child from the school district. *Id.* at 199. "Parents who unilaterally change their child's placement during the pendency of IDEA review proceedings are entitled to reimbursement only if a federal court concludes *both* that the public placement violated IDEA and that the private placement was proper under the Act." *Florence Cnty. Sch. Dist. Four v. Carter By and Through Carter*, 510 U.S. 7, 8 (1993).

## II.    BACKGROUND

M.T. is a middle-school aged student who has behavioral and learning disabilities. (D.E. No. 5-14, Ex. J ("ALJ Op.") at 17–21). Specifically, M.T. was diagnosed with attention deficit hyperactivity disorder ("ADHD") and an autism spectrum disorder. (Compl. ¶¶ 2 & 33; D.E. No. 4 ("Answer") ¶¶ 2 & 33). From first through fifth grade, M.T. received services through an IEP. (Compl. ¶ 8; Answer ¶ 8).

M.T.'s behavioral problems worsened in fifth grade during the 2019-2020 school year. (ALJ Op. at 20–21). In January 2020, M.T. began receiving home instruction. (*Id.* at 21). During this time, Defendants enrolled M.T. in a program at Stepping Forward, but the record is unclear on what services M.T. received through the program. (*Id.*). Eventually, Defendants unilaterally placed M.T. in an out-of-district placement, the Hampshire Country School ("Hampshire"), a residential school located in New Hampshire. (*Id.* at 25).

Subsequently, Defendants filed a due process petition against Plaintiffs in the OAL on or about July 14, 2020. (*Id.* at 2). The ALJ ruled in favor of Defendants and found the Plaintiff failed to provide M.T. a FAPE. (*Id.* at 26). Specifically, the ALJ awarded Defendants compensatory damages for M.T.'s placement and tuition at Hampshire, reimbursement for travel and expenses related to M.T.'s time at Stepping Forward, and costs related to the services of M.T.'s doctors. (*Id.* at 27 & 36). The ALJ also ordered Plaintiff to create an updated IEP to reflect M.T.'s placement at Hampshire. (*Id.*).

Thereafter, Plaintiff filed the instant civil action pursuant to 20 U.S.C. § 1415(i)(2)(A). Plaintiff also moved to stay enforcement of the ALJ's decision pending resolution of this action. (D.E. No. 5). Defendants moved to enforce the judgment and hold Plaintiff in contempt. (D.E. No. 4-3).

## III.    LEGAL STANDARD

In evaluating a motion for stay, a court should consider the following four factors: (i) "the movant's likelihood of success on the merits"; (ii) "whether the movant will suffer irreparable harm if the request is denied"; (iii) "whether third parties will be harmed by the stay"; and (iv) "whether granting the stay will serve the public interest." *Susquenita Sch. Dist. v. Raelee S. By and Through Heidi S.*, 96 F.3d 78, 80 (3d Cir. 1996). "In order not to ignore the many gray shadings stay requests present, courts 'balanc[e] them all' and 'consider the relative strength of the four factors.'" *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (quoting *Brady v. Nat'l Football League,* 640 F.3d 785, 789 (8th Cir. 2011)). The first two factors, however, are the most critical. *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

## IV.    DISCUSSION

Plaintiff contends that its motion to stay the judgment should be granted because (i) it is likely to succeed on the merits; (ii) it will suffer irreparable harm in the absence of a stay; (iii) Defendants will not suffer injury by the stay; and (iv) the public interest favors a stay. (D.E. No. 5-1 ("Mov. Br.")).

***Success on the Merits***: Among other things,[1] Plaintiff argues that the ALJ erred by failing separately to consider whether Hampshire was appropriate. (Mov. Br. at 29). In particular, the ALJ, after finding that Plaintiff did not provide M.T. with a FAPE, failed to engage with the next step of the analysis—that is, determine whether Hampshire provided a FAPE. (*Id.*). Defendants respond that "[t]he ALJ's ultimate conclusion was obviously that the out of district placement was

---

[1] Plaintiff makes other arguments concerning the merits. The Court, however, focuses briefly on the most obvious potential deficiency.

3

appropriate as His Honor found that the education offered by the district was not appropriate and thus the Defendants were entitled to reimbursement for said out of district placement." (D.E. No. 13 ("Opp. Br.") at 28).

The Court is troubled by the ALJ's failure to separately consider of the appropriateness of Hampshire as a placement for M.T. (*See* ALJ Op. at 26–27 & 34–35). Contrary to Defendants' suggestion, "Parents who unilaterally change their child's placement during the pendency of IDEA review proceedings are entitled to reimbursement only if a federal court concludes *both* that the public placement violated IDEA *and that the private placement was proper under the Act*." *Florence*, 510 U.S. at 8 (emphasis added). The ALJ only addressed whether Plaintiff provided M.T. with a FAPE—not whether Hampshire provided a FAPE. (*See* ALJ Op. at 26). Much less did the ALJ explain or analyze why Hampshire was an appropriate placement in light of M.T.'s unique educational needs. While Defendants believe the ALJ's conclusion that Hampshire provided a FAPE is "obvious[]," they do not point to anything in the ALJ's decision indicating that the ALJ separately considered the appropriateness of Hampshire.

Moreover, while Defendants argue that Hampshire is an appropriate placement (Opp. Br. at 28), the Court cannot, on this record and without the ALJ's expertise applied to the issue, make that determination. "It is not the Court's role to sift through the parties' conflicting interpretations of the evidence and make credibility assessments in the first instance without the benefit of having observed the witnesses." *Livingston Bd. of Educ. v. D.A. on behalf of D.A.*, No. 17-8802, 2021 WL 3706723, at *8 (Aug. 20, 2021). "[T]his Court lacks the 'specialized knowledge and experience' necessary to resolve 'persistent and difficult questions of educational policy,' and 'must be careful to avoid imposing [its] view of preferable educational methods upon the State[].'" *Id.* (quoting *Rowley*, 458 U.S. at 207–08).

Accordingly, it seems that Plaintiff is likely to succeed on the merits.[2] But the Court need not definitively make that call because, as explained below, Plaintiff fails to show irreparable harm.

***Irreparable Harm***: Irreparable harm is not "merely serious or substantial" but instead "must be of a peculiar nature[] so that compensation in money cannot atone for it." *Checker Cab of Phila. Inc. v. Uber Tech.*, 643 App'x 229, 232 (3d Cir. 2016) (internal quotation marks omitted). Accordingly, "an injury measured in solely monetary terms cannot constitute irreparable harm." *Id.* (internal quotation marks omitted). Moreover, an irreparable injury must be likely not just merely possible. *Revel AC*, 802 F.3d at 569 (quoting *Winter v. Nat. Res. Def. Couns.*, 555 U.S. 7, 22 (2008)). The mere prospect that a school district might not recover money following a successful appeal does not, alone, constitute irreparable harm. *See Susquenita*, 96 F.3d at 80–81.

There is no indication that Plaintiff would suffer irreparable harm should the ALJ's judgment be enforced. First, the ALJ awarded Defendants compensatory monetary damages related to M.T.'s time at Stepping Forward, M.T.'s placement at Hampshire, and expenses incurred

---

[2] In lieu of a remand, the parties could request an evidentiary hearing under § 1415(i)(2)(C)(ii). However, an evidentiary hearing would likely be an inefficient use of judicial resources. *See Livingston*, 2021 WL 3706723, at *8 (citing *Upper Freehold Reg'l Bd. of Educ. v. T.W.*, 496 F. App'x 238, 244–45 (3d Cir. 2012) ("[I]t is far more prudent to remand this matter so that the ALJ can provide fulsome explanations for her factual findings while utilizing her specific knowledge and experience.")).

related to M.T.'s doctors. (ALJ Op. at 35–36). But, as noted, monetary damages alone do not constitute irreparable harm. *See Checker Cab*, 643 F. App'x at 232. Therefore, Plaintiff has failed to show it will suffer irreparable harm.

Second, Plaintiff cites no evidence supporting its belief that it would be unable to recover the funds should it succeed in this case. Plaintiff makes only a vague and conclusory statement that it "may never be able to recoup the expended funds from Defendants," but it cites no evidence in support. (Mov. Br. at 33). And the mere prospect it will not recoup funds, the Third Circuit has held, is insufficient to constitute irreparable harm. *Susquenita*, 96 F.3d at 80–81.

Third, the ALJ's order for Plaintiff to create an updated IEP to reflect M.T.'s placement at Hampshire does not constitute irreparable harm. This action is not "of a peculiar nature," and Plaintiff has updated M.T.'s IEP multiple times throughout M.T.'s education without issue. *See Checker Cab of Phila. Inc.*, 643 F. App'x at 232; (*see also* ALJ Op. 17–22). Moreover, the IDEA requires Plaintiff to review the IEP for M.T. every year, even if M.T. is not receiving in-district services. 20 U.S.C. § 1414(d)(4)(A)(i). The Court is sympathetic to Plaintiff's concern that updating the IEP to reflect M.T.'s placement at Hampshire could "confer upon M.T. the ability to render that placement stay-put if a dispute arose in the future." (Mov. Br. at 34). However, even if that occurred, Plaintiff offers no reason that the future placement at Hampshire pursuant to the IDEA's stay-put provision constitutes irreparable harm. As stated above, monetary damages alone do not constitute irreparable harm. *See Checker Cab*, 643 F. App'x at 232.

In sum, Plaintiff fails to show that complying with the ALJ's judgment will cause irreparable harm.

***Injury to Third Parties & the Public Interest***: Because Plaintiff's motion is denied for failure to show irreparable harm, the Court does not address whether third parties would be harmed by the stay or whether the public interest favors the stay.

## V.   CONCLUSION

For the above stated reasons, the Court **DENIES** Plaintiff's motion to stay enforcement of the ALJ's judgment. (D.E. No. 5). The Court orders Plaintiff immediately to comply with the ALJ's judgment. Because the Court orders immediate compliance, Defendants' motion to enforce the judgment and hold Plaintiff in contempt (D.E. No. 4-3) is **DENIED** as moot.[3] An appropriate Order follows.

Dated: July 21, 2022

Hon. Esther Salas, U.S.D.J.

---

[3] Defendants readily admit that "[d]istrict courts hearing civil contempt proceedings are afforded broad discretion to fashion a sanction that will achieve full remedial relief." *John T. ex rel. Paul T. v. Delaware Cnty. Intermediate Unit*, 318 F.3d 545, 554 (3d Cir. 2003). If Plaintiff fails to comply with the ALJ's decision going forward, Defendants may renew their motion.